Erin Ronstadt, SBN 028362
Kyle Shelton, SBN 027379
RONSTADT LAW, PLLC
PO Box 34145
Phoenix AZ 85067
Phone: (602) 615-0050
Fax: (602) 761-4443
erin@ronstadtlaw.com
kyle@ronstadtlaw.com
*Attorneys for Plaintiff*

**Admitted Pro Hac Vice**
Iwana Rademaekers, SBN Texas 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75254
Main:(214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lorena Howard,<br><br>Plaintiff,<br><br>v.<br><br>The Lincoln National Life Insurance Company,<br><br>Defendant. | No. CV-23-1884-PHX-SRB<br><br>**RULE 26(f) MEETING AND JOINT PROPOSED DISCOVERY PLAN** |

In accordance with this Court's October 5, 2023, Order (Doc. 11), the parties conferred as required by Rule 26(f), *Federal Rules of Civil Procedure*, to develop a Joint Proposed Discovery Plan, which is set forth below:

1. **THE PARTIES WHO ATTENDED THE RULE 26(f) MEETING AND ASSISTED IN DEVELOPING THE CASE MANAGEMENT REPORT:**

Attorneys Erin Rose Ronstadt and Kyle Shelton on behalf of Plaintiff Lorena Howard ("Ms. Howard" or "Plaintiff").

Attorney Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant").

2. **A LIST OF THE PARTIES IN THE CASE, INCLUDING ANY PARENT CORPORATIONS OR ENTITIES (FOR RECUSAL PURPOSES):**

Ms. Howard

Lincoln

3. **A SHORT STATEMENT OF THE NATURE OF THE CASE (3 PAGES OR LESS):**

This is an action regarding an adverse determination of long-term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

***Plaintiff:***

Plaintiff Lorena Howard worked for Wells Fargo until leaving work on September 26, 2019 due to her disability. Ms. Howard submitted a claim for disability benefits under the Plan because of symptoms caused by cervical and lumbar degenerative disc disease, radiculopathy, fibromyalgia, status post-bilateral carpal tunnel releases, obstructive sleep apnea, and hyperthyroidism. After paying short-term disability benefits, Lincoln approved Ms. Howard's LTD claim in a letter dated May 1, 2020. On December 18, 2020, Ms. Howard's treating provider, Jonathan Helman FNP, completed a disability questionnaire indicating that due to an improvement in Ms. Howard's carpal tunnel syndrome, she could return to sedentary work. On December 23, 2020, Lincoln notified Ms. Howard that they were terminating her LTD claim. In response to Lincoln's termination of benefits, Ms. Howard attempted to return to Wells Fargo on a part-time basis. Due to her worsening condition, Ms. Howard's last day of part-time work was February 18, 2021. Lincoln approved Ms. Howard's LTD benefits through March 31, 2021. Lincoln again denied Ms. Howard's LTD benefits on April 13, 2021 (the "Denial"). On October 8, 2021, Ms. Howard appealed the denial. On January 18, 2022, Lincoln denied Ms. Howard's appeal (the "Final Denial"). On April 14, 2023 Ms. Howard requested that Lincoln reopen her claim and provided Lincoln with a copy of her Social Security

**RONSTADT LAW, PLLC**
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

Administration ("SSA") file via USB drive forwarded by certified mail. On October 27, 2022 the SSA awarded Ms. Howard SSDI benefits effective from her onset date of disability, September 25, 2019. On April 17, 2023 Lincoln denied Ms. Howard's request to reopen her claim.

Accordingly, the case involves the following claims:

- Count I: Ms. Howard claims LTD benefits under the terms of the Plan. See 29 U.S.C. § 1132(a)(1)(B).

***Defendant*:**

Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), as pled in Count I of the Complaint, but Plaintiff has failed to state a claim against Lincoln for breach of fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3), as pled in the Complaint. Moreover, the remedies sought for equitable relief are not available under ERISA. Lincoln's determinations on Plaintiff's claims for benefits from the relevant plans were reasoned, based on substantial evidence, and correctly interpreted the relevant plan documents. Plaintiff received a full and fair review of her claims by Lincoln, and that there is no evidence that so-called structural conflict affected the decisions, which were not arbitrary, capricious, or an abuse of discretion. Moreover, Defendants deny that it breached any fiduciary or other duty owed to Plaintiff.

4. **THE JURISDICTIONAL BASIS FOR THE CASE, DESCRIBING THE BASIS FOR JURISDICTION AND CITING SPECIFIC JURISDICTIONAL STATUTES:**

This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1332, 2201-02 (declaratory judgments).

5. **ANY PARTIES WHICH HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED; AND ANY PARTIES WHICH HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED:**

None. All parties have been served. Defendant Wells Fargo & Co. Long-Term Disability Plan (the "Plan") has been dismissed as a party to this action without prejudice by agreement of the parties.

RONSTADT LAW, PLLC
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

RONSTADT LAW, PLLC
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street, Suite B, Phoenix, AZ 85014
(602) 615-0050

6. **A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND PLEADINGS:**

Considering Defendant's counterclaim, Ms. Howard may need to add additional parties and amend the Complaint, which would include bringing the Plan back into the case. The parties ask for a deadline of **Friday, December 1, 2023** for adding additional parties or amending the pleadings.

7. **A LISTING OF CONTEMPLATED MOTIONS AND A STATEMENT OF THE ISSUES TO BE DECIDED BY THESE MOTIONS (INCLUDING MOTIONS UNDER FEDERAL RULE OF EVIDENCE 702):**

Plaintiff anticipates filing a motion to dismiss Defendant's counterclaim. The parties are conferring over the counterclaim, and Plaintiff will file a motion to dismiss on or by November 27, 2023 pursuant to the Court's Order (Doc. 13). Other than Plaintiff's potential motion to dismiss and the briefing schedule proposed in Section 15 below, no other motions are anticipated by the parties at this time.

8. **WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE OR TRIAL:**

The parties intend to engage in settlement discussions and believe there is a possibility the case may settle. The parties do not request referral to a Magistrate Judge for a settlement conference at this time. If it becomes necessary, the parties will request a settlement conference or engage in private mediation with a mutually agreeable third-party neutral.

9. **THE STATUS OF RELATED CASES PENDING BEFORE OTHER COURTS OR OTHER JUDGES OF THIS COURT:**

None.

10. **A DISCUSSION OF ANY ISSUES RELATING TO PRESERVATION, DISCLOSURE, OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE PARTIES' PRESERVATION OF ELECTRONICALLY STORED INFORMATION AND THE FORM OR FORMS IN WHICH IT WILL BE PRODUCED** (SEE RULES 16(B)(3), 26(F)(3)):

No issues anticipated. Defendant will produce the administrative record in portable document format (pdf). Plaintiff reserves the right to request production of the

RONSTADT LAW, PLLC
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

administrative record in its native format. The parties do not anticipate any issues relating to the preservation, disclosure, or discovery of electronically stored information.

**11. A DISCUSSION OF ANY ISSUES RELATING TO CLAIMS OF PRIVILEGE OR WORK PRODUCT (SEE RULES 16(B)(3), 26(f)(3))**

No issues anticipated.

**12. A DISCUSSION OF WHETHER AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502(d) IS WARRANTED IN THIS CASE:**

The Parties agree that it will not be necessary to issue an order under FRCP 502(d) in this case.

**13. A DISCUSSION OF NECESSARY DISCOVERY. THIS DISCUSSION SHOULD TAKE INTO ACCOUNT THE DECEMBER 1, 2015 AMENDMENTS TO RULE 26(B)(1), AND SHOULD INCLUDE:**

**a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;**

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;**

**c. The number of hours permitted for each deposition. The parties should consider whether a total number of deposition hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

***Plaintiff:***

Ms. Howard is entitled to discovery, and the scope and purpose of discovery depends on the applicable standard of review. If the appropriate standard of review is abuse of discretion, then she is entitled to seek discovery if there is a conflict of interest that may have influenced Defendant's decision to terminate her disability claim. *See Metro Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). There is a structural conflict of interest in this case. Ms. Howard does not agree discovery is limited to the contents of the administrative record, and she contends the Court may also consider extrinsic evidence regarding conflict of interest generated as a result of discovery.

**RONSTADT LAW, PLLC**
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

*Abatie* is clear that a district court may "consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie* at 970. Courts in this district, including this one, have routinely allowed for discovery into the conflict. *See Mullin v. Scottsdale Health Corp. Long Term Disability Plan* (D. Ariz. Jan. 28, 2016, No. CV-15-01547-PHX-DLR); *see also Wilcox v. Metro. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 2977 (D. Ariz. 2009). The Ninth Circuit has made clear that this Court should allow Plaintiff the right to conduct discovery into the conflict of interest; in fact, should Plaintiff fail to conduct discovery, specifically by failing to take depositions, she could be faulted for her failure to do so. *See Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 903, (9th Cir. Ariz. Aug. 26, 2016) ("Mr. Demer failed as well to develop more powerful evidence [through discovery] that could have established enhanced skepticism in reviewing MetLife's decision."). Once a plaintiff produces evidence that the conflict affected the decision, a rebuttable presumption arises in the plaintiff's favor and the plan bears the burden to prove the conflict had no effect. *Id.* at 902. Discovery is appropriate in this case.

***Defendant:***

The "tiebreaker" language in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343 (2008) raises a significant question whether information or documents concerning conflict are relevant in a case such as this one in which the administrative record clearly supports Defendants' decisions on Plaintiff's claim. In *Glenn*, the Supreme Court has stated that several different factors, including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." *Glenn*, 128 S.Ct. at 2351. Thus, when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for consideration. Additionally, that discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex

that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." *Conkright v. Frommert*, 559 U.S. 506, 130 S.Ct. 1640, 1646 (2010), citing *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065 (1996). Permitting discovery of the type and extent of that propounded by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA.

**a. The extent, nature and location of discovery anticipated by the parties and why it is proportional to the needs of the case**

The extent of Ms. Howard's discovery will be limited to Lincoln's structural conflict of interest and counterclaim against her. Ms. Howard requests to propound discovery in the form of interrogatories, requests for production, requests for admission, and depositions. The parties anticipate that, if depositions are needed and permitted by the Court, they will be conducted in Arizona, Connecticut, and California, depending on the location of Defendant's agents.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

The parties agree to the limitations contained in Fed. R. Civ. P. 26(b), 30, and 33.

**c. The number of hours permitted for each deposition. The parties should consider whether a total number of deposition hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

The parties agree that depositions, if permitted, will be limited to 7 hours.

14. **A STATEMENT OF WHEN THE PARTIES EXCHANGED OR WILL EXCHANGE FEDERAL RULE OF CIVIL PROCEDURE 26(A) INITIAL DISCLOSURES:**

To date, the parties have not exchanged Rule 26(a) initial disclosures and are requesting until **Friday, November 17, 2023** to exchange Rule 26 disclosure statements.

15. **PROPOSED SPECIFIC DATES:**

***Pursuant to the Court's Order:***

a. A deadline for the completion of fact discovery: **Friday, May 24, 2024**.

RONSTADT LAW, PLLC
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C): **The parties do not anticipate needing expert witnesses in this case.**

c. A deadline for completion of all expert depositions: **The parties do not anticipate needing expert witnesses in this case.**

d. A date by which the parties shall have engaged in good faith settlement talks: **Friday, March 8, 2024**.

e. A deadline for filing dispositive motions: See i below.

The parties propose some additional discovery deadlines as follows:

***Other Proposed, Additional Dates:***

f. Deadline for Defendant to produce the Administrative Record to Plaintiff: **Friday, November 17, 2023.**

g. Deadline for Plaintiff to submit to Defendant any documents she contends should be in the Administrative Record that are not included in the record physically delivered to the Plaintiff: **Friday, July 26, 2024.**

h. Deadline for submission of the Agreed Administrative Record to the Court: **Friday, August 2, 2024.**

i. Briefing deadlines: Plaintiff's opening brief: **Friday, August 16, 2024**. Defendants' response brief: **Friday, September 13, 2024**. Plaintiff's reply brief: **Friday, October 11, 2024**.

16. **WHETHER A JURY TRIAL HAS BEEN REQUESTEDS AND WHETEHR THE REQUEST FOR A JURY TRIAL IS CONTESTED:**

A jury trial has not been requested.

**Plaintiff**: This is an ERISA case and a jury trial is not available. The matter will be resolved by dispositive motions and potentially tried to the Court. If dispositive motions do not resolve the issues, Ms. Howard anticipates a bench trial/oral argument. Ms. Howard believes that any remaining claims will be ready for trial 60 days after the Court's final ruling on dispositive motions. Ms. Howard asserts that the bench trial may focus on extrinsic

RONSTADT LAW, PLLC
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

evidence regarding any conflict of interest that may have influenced the decision to deny Ms. Howard's claims pursuant to the Ninth Circuit's holding in *Abatie* and *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009).

17. **THE PROSPECTS FOR SETTLEMENT, INCLUDING ANY REQUEST OF THE COURT FOR ASSISTANCE IN SETTLEMENT EFFORTS:**

The parties will engage in good faith face-to-face settlement discussions by no later than **Friday, March 8, 2024**. The parties agree that such efforts may be assisted by the utilization of a magistrate judge or private mediation. Given travel restrictions still in place for Defendant's employees, Defendant requests that it be permitted to participate via Zoom or some similar technology. Plaintiff does not dispute Defendant's request for virtual participation.

18. **ANY OTHER MATTERS THAT WILL AID THE COURT AND PARTIES IN RESOLVING THIS CASE IN A JUST, SPEEDY, AND INEXPENSIVE MANNER AS REQUIRED BY RULE 1:**

None.

RESPECTFULLY SUBMITTED this October 25, 2023.

RONSTADT LAW, PLLC

By: *s/ Erin Rose Ronstadt*
Erin Rose Ronstadt
Kyle Shelton
*Attorneys for Plaintiff*

LAW OFFICES OF IWANA RADEMAEKERS, PC

By: ____________________
Iwana Rademaekers
*Attorney for Defendant*

RONSTADT LAW, PLLC
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

RONSTADT LAW, PLLC
p.o. Box 34145, Phoenix, AZ 85067
6122 N. 7th Street. Suite B, Phoenix, AZ 85014
(602) 615-0050

**CERTIFICATE OF SERVICE**

I certify that on October 25, 2023, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants and mailed a copy this same date to the non-registrants:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, PC
17304 Preston Road, Suite 800
Dallas, TX 75252
iwana@rademaekerslaw.com

*Attorneys for Defendant*

*s/ Merry Martin*